UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SPINAL IMAGING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 09-11873-LTS |
| | ) | |
| AETNA HEALTH | ) | |
| MANAGEMENT LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| RADIOLOGY DIAGNOSTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 12-11521-LTS |
| | ) | |
| AETNA HEALTH | ) | |
| MANAGEMENT LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON MOTION FOR RECONSIDERATION

April 4, 2014

SOROKIN, C.M.J.

    Plaintiffs move for reconsideration of the Court's summary judgment rulings.  Doc. No.

155.  This Motion is DENIED.  Two points bear brief mention.  First, contrary to Plaintiffs'

assertion, the Court did not rely upon documents without providing notice to Plaintiffs.  At the

hearing, the Court inquired about a particular document and requested citation to the record for

that document.  Post-hearing, Defendants provided the citation in a written submission.  Doc.

No. 148.  Plaintiffs had the opportunity to respond and did so.  Doc. No. 149.  Notably one

document Plaintiffs complain about in their Motion for Reconsideration, <u>see</u> Doc. No. 155 at 3 (citing Doc. No. 115-2), is a document that Plaintiffs themselves submitted in support of their motion for summary judgment.

Second, Plaintiffs complain that simply because another provider made a claim for payment does not mean Aetna actually paid that claim (and thus cannot properly deny Plaintiffs' claim). Plaintiffs failed to make this argument in support of their motion for summary judgment. Moreover, neither in their motion for summary judgment nor in their motion for reconsideration have Plaintiffs provided citation to (a) any evidence suggesting or establishing that Aetna did not pay the referring provider or (b) the omission or absence of evidence of payment to the referring provider (which might support a reasonable inference of lack of payment). Accordingly, I decline to consider this argument in support of reconsideration.[1] <u>See</u> <u>Cochran v. Quest Software, Inc.</u>, 328 F.3d 1, 11 (1st Cir. 2003) ("It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling.").

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

[1] In any event, regarding those cases in which summary judgment entered in whole or part because the referring provider made a claim, <u>see</u> Doc. No. 153-1, the summary judgment record contains evidence that Aetna not only had received a prior claim from the referring provider, but <u>paid</u> that claim. <u>See, e.g.</u>, ECF0003015 (explanation of benefits indicating payment to referring provider for exemplar claim 2004-12); ECF0012821 (same for exemplar claim 2007-25).