UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| SPINAL IMAGING, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 09-11873-LTS |
| AETNA HEALTH MANAGEMENT LLC, et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| RADIOLOGY DIAGNOSTICS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 12-11521-LTS |
| AETNA HEALTH MANAGEMENT LLC, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION IN LIMINE

July 3, 2014

SOROKIN, D.J.

Plaintiffs move in limine to undo the Court's ruling that the trial will proceed based upon the exemplar bills asserting that all the Court did was issue a "ruling on discovery . . . nothing further." Doc. No. 191 at 1. The record of the Court's rulings speaks for itself.

The Court stated in an April 30, 2013 Order:

The plaintiffs' demands are unreasonable and the discovery they seek unduly burdensome and overbroad, in light of the number of claims at issue and the logistical difficulties that will prevent Aetna from quickly retrieving the information. Obtaining all of the documents sought as to each claim is simply unnecessary to resolve the dispute.

> Conversely, Aetna's view would effectively obstruct the plaintiffs from accessing relevant information – the actual documents issued at the time the relevant claims were denied – that is essential to resolution of the plaintiffs' claims.
>
> As discussed previously at multiple status conferences in this matter, the Court and the parties will proceed to resolve this dispute upon the basis of a set of exemplar claims.

Doc. No. 84.

The foregoing Order plainly established that the Court and the parties would proceed to resolve the Plaintiffs' three legal claims based upon an exemplar subset of the 12,000 individual bills in dispute. After receiving submissions from the parties, the Court entered the following Order on May 8, 2013:

> On April 30, 2013 [Doc. No. 84], due to the large number of health insurance claims at issue in this litigation, the Court determined that discovery will proceed, and this action will be resolved, on the basis of exemplar claims.

Doc. No. 87.

On March 26, 2014, the Court, in ruling on the parties' motions for summary judgment stated:

> On April 30, 2013, the Court ordered that the two actions would be resolved on the basis of exemplar claims. Doc. No. 84 at 3. No party objected to proceeding in this manner. For each of the ten years at issue in the two actions, the Court ordered the random selection of twenty-five claims to serve as exemplars. Doc. No. 87 at 2. In addition, the Court permitted each side to select up to an additional thirty-four exemplars. Id. Thereafter, the parties completed discovery on the exemplar claims.

Doc. No. 153 at 2-3 (omitting footnote).

The Court reiterated these rulings in its Order on Plaintiffs' Second Motions for Reconsideration of the Summary Judgment Order. Doc. No. 163 at 3-4.

At no time did the Court "limit" Plaintiffs' Chapter 93A claims. Rather the Court crafted, plainly and clearly and without objection from Plaintiffs, a reasonable method for adjudicating their claim of a violation of Chapter 93A arising out of approximately 12,000

2

individual bills sent to Defendant over an approximately ten-year timeframe. The Court has not restricted Plaintiffs from presenting evidence regarding intent, scheme or other aspects of their 93A claim. Plaintiffs have never objected, until now, on the eve of trial, to adjudicating their three legal claims based upon the exemplars.[1] Accordingly, the Motion in Limine, Doc. No. 191, is DENIED.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1] Plaintiffs assert in their Motion that the Court limited the Plaintiffs to 155 exemplars. This is incorrect. The correct number is 315. See, e.g., Doc. No. 153 at 3 n.2.